IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZACH K.,[1]

      Plaintiff,

      v.                                                                         Civ. No. 24-1025 SCY

FRANK BISIGNANO,
Commissioner of
Social Security,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff argues that the Commissioner committed error when denying his claim for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-434. Specifically, Plaintiff asserts that the ALJ erred because the evidence does not match the ALJ's findings, the ALJ's decision relies on non-acceptable medical sources, and the hypothetical Plaintiff's counsel presented to the vocational expert ("VE"), which caused the vocational expert to opine that this individual could not perform the jobs the ALJ relied on, matches the evidence better than the hypothetical the ALJ presented. For the reasons set forth below, the Court finds Plaintiff's arguments unpersuasive. Accordingly, the Court DENIES Plaintiff's Motion To Reverse And Remand Administrative Agency Decision, Doc. 13, and affirms the decision below.[2]

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 7, 8, 9. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c).

## APPLICABLE LAW

    A.    <u>Disability Determination Process</u>

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (pertaining to disability insurance benefits); *see also id.* § 1382c(a)(3)(A) (pertaining to supplemental security income disability benefits for adult individuals). The Social Security Commissioner has adopted the familiar five-step sequential evaluation process ("SEP") to determine whether a person satisfies the statutory criteria as follows:

    (1)    At step one, the ALJ must determine whether the claimant is engaged in "substantial gainful activity."[3] If the claimant is engaged in substantial gainful activity, he is not disabled regardless of his medical condition.

    (2)    At step two, the ALJ must determine the severity of the claimed physical or mental impairment(s). If the claimant does not have an impairment or combination of impairments that is severe and meets the duration requirement, he is not disabled.

    (3)    At step three, the ALJ must determine whether a claimant's impairment(s) meets or equals in severity one of the listings described in Appendix 1 of the regulations and meets the duration requirement. If so, a claimant is presumed disabled.

    (4)    If, however, the claimant's impairments do not meet or equal in severity one of the listings described in Appendix 1 of the regulations, the ALJ must determine at step four whether the claimant can perform his "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the

---

[3] "Substantial work activity is work activity that involves doing significant physical or mental activities." 20 C.F.R. §§ 404.1572(a), 416.972(a). The claimant's "[w]ork may be substantial even if it is done on a part-time basis or if [he] doe[es] less, get[s] paid less, or ha[s] less responsibility than when [he] worked before." *Id.* "Gainful work activity is work activity that [the claimant] do[es] for pay or profit." *Id.* §§ 404.1572(b), 416.972(b).

>   most [the claimant] can still do despite [his physical and mental] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* §§ 404.1545(a)(3), 416.945(a)(3). Second, the ALJ determines the physical and mental demands of the claimant's past work. Third, the ALJ determines whether, given the claimant's RFC, the claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled.
>
> (5) If the claimant does not have the RFC to perform his past relevant work, the Commissioner, at step five, must show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. If the Commissioner is unable to make that showing, the claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 404.1520(a)(4) (disability insurance benefits); 20 C.F.R. § 416.920(a)(4) (supplemental security income disability benefits); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden shifts to the Commissioner at step five to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

B.   Standard of Review

The court must affirm the Commissioner's denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Casias*, 933 F.2d at 800-01. In making these determinations, the court neither reweighs the evidence nor substitutes

its judgment for that of the agency. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record," *Langley*, 373 F.3d at 1118 (internal quotation marks omitted), or "constitutes mere conclusion," *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The agency decision must "provide this court with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Therefore, although an ALJ is not required to discuss every piece of evidence, "[t]he record must demonstrate that the ALJ considered all of the evidence" and "a minimal level of articulation of the ALJ's assessment of the evidence is required in cases in which considerable evidence is presented to counter the agency's position." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (internal quotation marks omitted). But where the reviewing court "can follow the adjudicator's reasoning" in conducting its review, "and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The court "should, indeed must, exercise common sense." *Id.* "The more comprehensive the ALJ's explanation, the easier [the] task; but [the court] cannot insist on technical perfection." *Id.*

## ANALYSIS

Plaintiff asserts that, for three reasons, the ALJ erred in finding that Plaintiff can perform work in the national economy. Because both Plaintiff's first and third arguments relate to hypotheticals presented to the VE, the Court considers those arguments together. First, Plaintiff takes issue with the hypothetical person the ALJ presented to the VE and who the VE concluded had the capacity to work. Namely, Plaintiff complains that the ALJ's hypothetical person, and the RFC on which that hypothetical is based, do not account for all of Plaintiff's limitations. Instead, Plaintiff's third argument is that the hypothetical person his attorney presented to the VE, and who the VE concluded could not perform the identified jobs, more closely resembles Plaintiff's functioning. Plaintiff's first argument fails because Plaintiff in his opening brief identifies no error in the RFC and thus identifies no error in the ALJ's decision to rely on the VE's testimony about the work capacity of a hypothetical person with limitations consistent with those assessed in the RFC. Similarly, Plaintiff's third argument fails because Plaintiff in his opening brief provides insufficient evidence to support his contention that the ALJ should have considered the hypothetical person Plaintiff's attorney presented to the VE rather than the hypothetical person the ALJ presented to the VE.

Plaintiff's second argument is that the ALJ wrongly relied on a non-acceptable medical source in reaching the RFC. Fatal to this second argument is Plaintiff's failure to consider amendments to the social security regulations that took effect for claims, like this one, that were filed after 2017.

A.    Procedural History

Plaintiff filed an application for Title II disability insurance benefits on June 8, 2021 and a Title XVI application supplemental security income on June 1, 2021. AR 17. The applications were denied initially on January 31, 2022, and upon reconsideration on February 27, 2023. *Id.*

The ALJ held a hearing on December 21, 2023, where Plaintiff appeared represented by counsel. *Id.* On February 22, 2024, the ALJ issued a decision finding that Plaintiff is not disabled. AR 17-29. The Appeals Council denied Plaintiff's request for review on August 12, 2024, AR 1-4, rendering the ALJ's decision the final decision of the Social Security Commissioner. Plaintiff timely appealed the ALJ's decision to this Court. Doc. 1.

The ALJ found, at step one of the disability process, that Plaintiff has not engaged in substantial gainful activity since his alleged onset date. AR 19. At step two, the ALJ found that Plaintiff has the severe impairments of asthma; epilepsy with essential tremors; obstructive sleep apnea; supraspinatus partial tear, left shoulder; obesity; depressive disorder; bipolar disorder; anxiety disorder; borderline personality disorder; somatic symptom disorder; and posttraumatic stress disorder. AR 20. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listings. *Id.*

At step four, the ALJ discussed Plaintiff's hearing testimony and the medical and opinion evidence of record. AR 23-27. As relevant to this appeal,[4] the ALJ stated he found persuasive the prior administrative findings of the State agency psychological consultants, who found the Plaintiff capable of the mental demands of work (understanding, remembering, and carrying out simple instructions; making basic work-related decisions; maintaining concentration, persistence, and pace; adapting to workplace changes; and interacting with others). AR 25. The ALJ explained that "[t]he findings are supported by evidence cited of the [Plaintiff]'s normal mental status examinations with consultative examiners." *Id.* (citations omitted). "The findings are also

---

[4] On appeal, Plaintiff challenges the mental limitations in the RFC and does not challenge the ALJ's assessment of physical limitations. *See generally* Doc. 13-1 at 16-21. The Court therefore only discusses the ALJ's decision as it relates to the mental limitations and opinion evidence which Plaintiff relies upon in his brief.

6

consistent with the [Plaintiff]'s exhibited intact recent and remote memory, his calm and cooperative demeanor and normal behavior, and his intact attention and concentration during treatment examinations." *Id.*

The ALJ was "partially persuaded by the opinion of consultative examiners Kris Licthle, MA, and David LaCourt, Ph.D.," who assessed none to moderate limitations in the above-described domains of mental functioning. AR 26. The ALJ explained that the opinion is supported by "evidence cited of the Claimant's normal mental status examination." *Id.* However, the moderate limitations assessed with respect to interacting with coworkers, supervisors, and the public were not restrictive enough given "Claimant's ongoing treatment for multiple mental impairments, including depression, anxiety, bipolar disorder, and borderline personality disorder," and so the ALJ did not find the social interaction limitations persuasive. *Id.*

The ALJ stated that he was "partially persuaded" by the opinion of consultative examiner John Owen, Ph.D., who saw Plaintiff for an evaluation of mental limitations on January 26, 2022. AR 26; *see* AR 2655-58 (Dr. Owen opinion). As the ALJ explained, Dr. Owen assessed mild, moderate, and marked limitations in the above-described domains of mental functioning. AR 26. The ALJ found the opinion supported to some extent "by evidence cited of the Claimant's symptoms of borderline personality disorder, PTSD, and panic disorder, with feelings of being rejected and abandoned, history of unstable and volatile interpersonal relationships, and frequently feeling 'anxious, terrified, angry, irritated, and upset.'" *Id.* However, the "marked to moderate limitations opined are inconsistent with the Claimant's exhibited intact recent and remote memory, his calm and cooperative demeanor and normal behavior, and his intact attention and concentration during treatment examinations." *Id.*

The ALJ also discussed the opinion of treating provider Thai Nguyen, M.D., who saw Plaintiff beginning in March 27, 2020. Doc. 13-1 at 10-11. Dr. Nguyen issued an opinion on December 19, 2023, which the ALJ found "partially persua[sive]." AR 26; *see* AR 3241-44 (Dr. Nguyen opinion). Dr. Nguyen likewise assessed mild, moderate, and marked limitations in the above-described domains of mental functioning. AR 26-27. Dr. Nguyen also stated that Plaintiff "would have difficulty tolerating unruly, demanding, or disagreeable customers, production demands or quotas, demands for precision, and requirements to make quick and accurate independent decisions in problem solving on a consistent basis." AR 27. The ALJ observed that "Dr. Nguyen provided no support for the opinion." *Id.* "In addition, the marked limitations opined are inconsistent with the [Plaintiff]'s exhibited intact recent and remote memory, his calm and cooperative demeanor and normal behavior, and his intact attention and concentration during treatment examinations." *Id.*

The ALJ ultimately assessed an RFC for Plaintiff with the following mental limitations:

> [Plaintiff] is limited to understanding, remembering, and carrying out simple instructions and making commensurate work-related decisions, respond appropriately to supervision, coworkers, and work situations, deal with occasional changes in work setting, maintain concentration persistence, and pace for up to and including two hours at a time with normal breaks throughout a normal workday. He can accept brief, constructive supervision, interact with co-workers and the public in brief encounters, and can generally present with socially acceptable appearance and behavior. Frequent or intensive interactions with the public are precluded.

AR 22. Applying this RFC and based on the testimony of the VE, the ALJ found that Plaintiff would be unable to perform his past relevant work of warehouse worker and screen maker. AR 28. However, the VE testified at the hearing that an individual with Plaintiff's age, education, work experience, and RFC would be able to perform work as a sorter, a mail clerk, and a cleaner. AR 29. The ALJ relied on this testimony to conclude that Plaintiff can transition to other work that exists in significant numbers in the national economy. *Id.*

On appeal, Plaintiff challenges this decision through the above-described three arguments: first, that the ALJ's RFC, on which the ALJ relied when questioning the VE, lacks "substantial evidentiary support," Doc. 13-1 at 16-19; second, that the ALJ erred by relying on an "unacceptable medical source," *id.* at 19, and third, the ALJ failed to consider the VE's testimony that a person with the limitations Plaintiff's counsel presented could not work the jobs identified at the hearing, *id.* at 20-21. As noted above, the Court begins by addressing Plaintiff's first and third arguments together.

      B.      <u>The RFC and the VE hypotheticals</u>

Plaintiff first argues that the RFC lacks substantial evidence. Doc. 13-1 at 16. In support of this contention, Plaintiff argues that the hypothetical person the ALJ described to the VE— which incorporated the ALJ's RFC for Plaintiff—contained mental limitations that were contrary to the evidence. *Id.* at 16-17. In Plaintiff's third argument, he points to a different hypothetical person—a hypothetical person Plaintiff's counsel presented to the VE based on more restrictive mental limitations. *Id.* at 20. The VE testified this hypothetical person could not perform the jobs the VE identified in response to the ALJ's hypothetical. Doc. 13-1 at 20-21; *see* AR 61. In short, the parties' dispute boils down to which hypothetical person the ALJ should have considered. The Commissioner argues that the ALJ correctly assessed Plaintiff's RFC and so the hypothetical person the ALJ presented to the VE on the basis of this RFC resembles Plaintiff. Doc. 16 at 14-15. In contrast, Plaintiff argues that the more limited hypothetical person Plaintiff's counsel presented to the VE, and that the VE opined could not work, resembles Plaintiff.

The hypothetical person the ALJ presented to the VE could:

- understand, carry out and remember simple instructions and make commensurate work-related decisions;

9

- respond appropriately to supervision, coworkers, and work situations;

- deal with occasional changes in work setting;

- maintain concentration, persistence and pace for up to and including two hours at a time with normal breaks throughout a normal work day;

- accept brief constructive supervision;

- interact with coworkers and the public in brief encounters; and

- can generally present a socially acceptable appearance and behavior.

Doc. 13-1 at 17; *see* AR 57-60. This hypothetical person, Plaintiff contends, does not have the same limitations as him. Because this hypothetical person is not like Plaintiff, Plaintiff continues, VE testimony that this hypothetical person has the capacity to work cannot form substantial evidence for a finding of nondisability. Doc. 13-1 at 18.

In support of his assertion that his limitations are more severe than those of the ALJ's hypothetical person, Plaintiff cites the following evidence:

- Dr. Nguyen's opinion that Plaintiff would markedly be unable to maintain attention and concentration for extended periods, markedly unable to accept instruction and respond appropriately to supervisors, markedly unable to respond appropriately to changes in a work setting, and moderately limited to carrying out very short and simple tasks or instructions; and

- Dr. Owen's opinion that Plaintiff has moderate to marked ability to persist at tasks, and to interact with the public and co-workers; moderate difficulty in attending and concentrating, interacting with supervisors, and adapting to changes in the workplace; and mild difficulty in understanding very short and simple instructions.

Doc. 13-1 at 17; *see* AR 3241-44 (Nguyen opinion); AR 2655-58 (Owen opinion). Plaintiff then complains that:

> [T]he ALJ here rejected some of the[se] opinions but does not provide any reason for refusal of any opinion. The only explanation set forth is that he cannot give any specific evidentiary weight including controlling weight to medical opinions. Instead, he refers to being persuaded, partially persuaded or unpersuaded by various administrative findings or medical opinions.

Doc. 13-1 at 17. Then, shifting away from his claim that the ALJ provided an insufficient analysis to support his conclusion that Plaintiff has the capacity to work, Plaintiff attacks the evidentiary analysis the ALJ did provide. *Id.* at 18-19. The Court breaks this line of argument into four separate points, and rejects all four points.

First is Plaintiff's contention that the ALJ "did not provide any reason for the refusal of any opinion." Doc. 13-1 at 17. The Court disagrees. As set forth above, the ALJ gave his reasons for rejecting parts of Dr. Owen's and Dr. Nguyen's opinions: the "marked to moderate limitations opined are inconsistent with the Claimant's exhibited intact recent and remote memory, his calm and cooperative demeanor and normal behavior, and his intact attention and concentration during treatment examinations." AR 26-27. In addition, the ALJ observed that Dr. Nguyen's opinion did not contain any support. Plaintiff does not acknowledge, much less challenge, these reasons.

The ALJ also explained that, compared to the opinions of Dr. Owen and Dr. Nguyen, the state agency consultants' opinions were more persuasive and more consistent with the medical evidence, including mostly normal mental status examinations. AR 25-27. Plaintiff does not address or acknowledge the state agency consultants' opinions, or develop any argument that reliance on these opinions was error. The Court sees no error in the ALJ's reliance on the state agency consultants' opinions over the opinions of Dr. Owen and Dr. Nguyen. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."); *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) (articulation requirement is to provide a sufficient basis for decision so that the court "can follow

the adjudicator's reasoning" in conducting its review "and can determine that correct legal standards have been applied").

Second, Plaintiff asserts "[t]he only explanation set forth is that [the ALJ] cannot give any specific evidentiary weight including controlling weight to medical opinions." Doc. 13-1 at 17. It is true that the ALJ said that he "cannot defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from medical sources." AR 25. But, as set forth above, it is not true that this is the only reason the ALJ gave to justify his decision to find the state agency consultants more persuasive than Dr. Owen and Dr. Nguyen. *See* AR 26-27. Plaintiff does not explain or provide any authority for the proposition that the ALJ's conclusion is unsupported by substantial evidence just because the ALJ said that he could not defer to, or give controlling weight to, any prior administrative medical finding or medical opinion.

Third, Plaintiff contends the ALJ erred by "refer[ing] to being persuaded, partially persuaded or unpersuaded by various administrative findings or medical opinions." Doc. 13-1 at 17. The Court disagrees. The ALJ followed the guidance of the regulations, which have been recently amended. For applications filed on or after March 27, 2017—as Plaintiff's was, AR 17—the administration will "evaluate the persuasiveness of medical opinions" presented in support of a disability claim. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The concept of "controlling weight" has been abrogated. 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)"). The ALJ did not err in declining to give "controlling weight" to any opinion, or in discussing the persuasiveness of the medical opinions in the file.

Fourth and finally, Plaintiff attacks the ALJ's analysis of the evidence, arguing that the ALJ made "speculative inferences" about the record; engaged in "pick[ing] and choos[ing] through uncontradicted medical opinions"; and assigned an RFC that was "incomplete and inconsistent with the evidence." Doc. 13-1 at 17-18. But, in his opening brief, Plaintiff does not point to any specific evidentiary findings that were speculative or unsupported by the record. Nor does Plaintiff identify any uncontradicted medical evidence the ALJ disregarded. (Recall that the opinions of Dr. Owen and Dr. Nguyen are indeed contradicted by the state agency consultants' opinions.) *United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 127 n.8 (10th Cir. 1997) ("[I]t is the appellant's responsibility to tie the salient facts, supported by specific record citation, to his legal contentions." (internal quotation marks omitted)); *Gilbert v. Astrue*, 231 F. App'x 778, 782, 785 & n.5 (10th Cir. 2007) (applying this rule in the Social Security context); *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014) (to meet his burden in court, the claimant must not only "point[] to evidence that he claims the ALJ failed to discuss," but also "say why it was significantly probative"; the court will not do so for him).[5]

In sum, Plaintiff in his opening brief identifies no error in the RFC and thus identifies no error in the ALJ's decision to rely on the VE's testimony about the work capacity of a

---

[5] Plaintiff does, for the first time in his Reply To Defendant's Response To Plaintiff's Motion To Reverse And Remand, cite evidence he contends supports his argument. *See* Doc. 17 at 5-9 (discussing specific medical evidence and details the ways in which he contends the evidence the ALJ cited was insufficient to support the RFC). By waiting until his reply brief to make these arguments, however, Plaintiff waived them. *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) ("This court does not ordinarily review issues raised for the first time in a reply brief. The reasons are obvious. It robs the appellee of the opportunity to demonstrate that the record does not support an appellant's factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result. The rule also protects this court from publishing an erroneous opinion because we did not have the benefit of the appellee's response."); *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) ("arguments raised for the first time in a reply brief are generally deemed waived"); *Berna v. Chater*, 101 F.3d 631, 632-33 (10th Cir. 1996) (waiver doctrines "are equally applicable in social security cases").

hypothetical person with limitations consistent with those assessed in the RFC, as opposed to the hypothetical person Plaintiff's attorney presented to the VE.

C.  Non-acceptable medical source

Recall that the ALJ was "partially persuaded by the opinion of consultative examiners Kris Licthle, MA, and David LaCourt, Ph.D.," who assessed none to moderate limitations in the above-described domains of mental functioning. AR 26. Plaintiff argues that this assessment was error because Mr. Licthle, a psychologist associate, is the only person who performed this assessment and David LaCourt, Ph.D. is not mentioned in the report. Doc. 13-1 at 19. This is a problem, Plaintiff contends, because a psychologist associate is not an "acceptable medical source." *Id.* In support of this contention, Plaintiff cites a regulation defining "acceptable medical sources," *id.*, but does not cite any other authority in support of his argument.

Under the recently amended regulations discussed above, all medical sources can now provide evidence that is categorized and considered as medical opinion evidence and subject to the same standard of review. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). This amendment abrogated the old "treating physician rule," which turned on the distinction between acceptable and non-acceptable medical sources. *See Frantz v. Astrue*, 509 F.3d 1299, 1301 (10th Cir. 2007). Plaintiff's argument appears to depend on this abrogated rule. Plaintiff does not engage with the amended rule that states all medical sources are to be assessed according to the same standard.

To the extent Plaintiff argues that the ALJ erred by stating that Dr. LaCourt issued an opinion when he did not actually do so,[6] Plaintiff does not develop this argument or cite any authority for this argument.

---

[6] The Court notes that Dr. LaCourt signed Mr. Litchle's assessment. AR 1051. It is thus not clear to the Court that the ALJ made any misstatements about the record by attributing this opinion to Dr. LaCourt.

The Court therefore rejects this argument and affirms the decision below.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion To Reverse And Remand Administrative Agency Decision, Doc. 13, is **DENIED**. The decision below is affirmed.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by Consent**